UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| In re: } | |
| } | |
| QUALITY PROPERTIES, LLC, } | Case No. 10-42783-JJR-11 |
| } | |
| Debtor. } | |

| | |
|---|---|
| THE SHERWIN-WILLIAMS COMPANY, } | |
| } | |
| Plaintiff, } | |
| v. } | AP No. 10-40122-JJR |
| } | |
| PINE APPLE CONVEYOR } | |
| SERVICE, INC.; QUALITY PROPERTIES, } | |
| LLC; and FIRST NATIONAL } | |
| BANK OF TALLADEGA, } | |
| } | |
| Defendants. } | |

**OPINION AND ORDER ON MOTION FOR SUMMARY JUDGMENT
BY THE SHERWIN-WILLIAMS COMPANY, AND MOTION FOR SUMMARY
JUDGMENT BY FIRST NATIONAL BANK OF TALLADEGA**

On May 15, 2009, the plaintiff, The Sherwin-Williams Company ("Sherwin"), commenced an action (the "State Action") in the Circuit Court of Shelby County, Alabama ("State Court") against Quality Properties, LLC (the "Debtor") and the other defendants. On October 1, 2010, Quality filed a petition for relief under chapter 11 of the Bankruptcy Code,[1] and thereafter Quality removed the State Action to this Bankruptcy Court, whereupon it became an

---

[1] 11 U.S.C. § 101, *et seq.* and herein referred to as the "Code." References to a "Bankr. Rule" are to the Federal Rules of Bankruptcy Procedure.

1

adversary proceeding (the "AP") in the Debtor's chapter 11 case (the "Chapter 11 Case").[2]

*Jurisdiction*

The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the General Order of Reference, as amended, entered by the United States District Court for the Northern District of Alabama. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B) and (K) (allowance or disallowance of claims, and determination of the validity, extent, or priority of liens); therefore, the Court has authority to enter a final order.[3] The following shall constitute the Court's findings of fact and conclusions of law.

*Background*

Co-defendant, Pine Apple Conveyor Service, Inc. ("Pine Apple") was the general contractor[4] for the construction of a Marvin's Building Materials & Home Center Store located in Calera, Shelby County, Alabama (the "Project").[5] The Project is owned by the Debtor and is property of the bankruptcy estate. In the State Action, Sherwin claimed it entered into a

---

[2] A pleading or other document filed in the AP is identified as "AP Doc. ___" and a pleading or other document filed in the Chapter 11 Case is identified as "Bk Doc. ___."

[3] The Court's jurisdiction to hear this AP and other similar adversary proceedings in the Chapter 11 Case was considered in an Opinion and Order entered on November 29, 2011 as Bk Doc. 328.

[4] The Bank argues that because the contract under which Pine Apple constructed the Project is on its face with AAA Properties, LLC, and not the Debtor, it was a subcontract and not an original contract (a/k/a a prime or general contract). Whether that contract was an original contract or subcontract is a disputed fact; however, the determination of that fact is not material to the Court's decision herein, which would be the same regardless of how the contract is classified.

[5] The real property upon which the Project was constructed is described as follows:

> Lot 1, according to the survey of 31 Plaza, a commercial subdivision located in the City of Calera, Alabama, as recorded in Map Book 39, Page 150, in the Probate Office of Shelby County, Alabama.

2

Case 10-40122-JJR   Doc 70   Filed 05/14/12   Entered 05/14/12 11:53:53   Desc Main
Document      Page 2 of 11

subcontract with Pine Apple, and pursuant to that subcontract it provided goods, services and materials utilized in the construction of the Project (AP Doc. 10, Ex. 1). Sherwin claims it is due $18,489.22 for the goods, services and materials it provided, plus interest and attorney fees as agreed in a Commercial Credit Application (the "Credit Application") executed by Pine Apple. In its State Court complaint, Sherwin sought monetary judgments, and critical to this Order, also asked that it be awarded a materialman's lien against the Project.[6]

First National Bank of Talladega (the "Bank") made a loan to the Debtor to finance, at least in part, the construction of the Project. The loan is secured by a mortgage against the Project; the mortgage was recorded on August 11, 2008 in the Office of the Judge of Probate of Shelby County, Alabama.

On December 28, 2009, before the State Action was removed, Sherwin filed a Motion for Summary Judgment in the State Action (AP Doc. 10, Ex. 9, and herein, the "State SJ Motion"). The State SJ Motion was supported by: (x) Pine Apple's responses to discovery propounded by Sherwin, which included, *inter alia*, an assertion by Pine Apple that Sherwin breached the subcontract causing Pine Apple to suffer damages of $8,100;[7] and (y) the affidavit of Whit Gardner, an employee of Sherwin, in which he stated that Sherwin "furnished its goods, services and materials [to the Project] for a period of time ending on November 19, 2008," and identified as being authentic copies of four attached exhibits: (1) the Credit Application; (2) Consolidated

---

[6] Counts one and two of the complaint sought monetary judgments against the "Defendants" based on open account and breach of contract, respectively, and count three asked the court to "declare a Mechanics and Materialman Lien in favor of the Plaintiff." The factual allegations in counts one and two would support a monetary recovery only against Pine Apple.

[7] AP Doc. 10, Ex. 9, Response 15. The Court interpreted Pine Apple's response to Sherwin's interrogatories as claiming a set-off for the additional expenses Pine Apple claimed to have incurred in covering Sherwin's alleged failure to timely deliver materials specified in the parties' subcontract.

3

Account Summary; (3) Notice of Mechanic's Lien; and (4) Verified Statement of Mechanic's Lien.[8] According to Gardner's affidavit, on March 17, 2009, Sherwin's attorney, Jeffry C. Smith, gave notice to the Debtor, Pine Apple, and the Bank that Sherwin claimed a lien against the Project.[9] And as evidenced by the probate office's date-stamp on the copy of the Verified Statement of Mechanic's Lien authenticated by Gardner's affidavit, that statement was recorded on March 18, 2009. The State Court had not ruled on the State SJ Motion before the State Action was removed.

After removal, Sherwin filed a Motion for Summary Judgment in this AP (AP Doc. 37 and herein, the "AP SJ Motion"). The AP SJ Motion is essentially a request for this Court to award Sherwin summary judgment in this AP based on the same submissions and grounds offered in support of the State SJ Motion. In the AP SJ Motion, Sherwin demanded a monetary judgment against Pine Apple, asked the Court to establish a materialman's lien in its favor against the Project, and alleged its lien was entitled to priority over the Bank's mortgage.

In its responses (AP Docs. 39, 40) to Sherwin's AP SJ Motion, the Debtor alleged that Sherwin failed to give pre-delivery notice to the Debtor – the Project's owner – as allowed by Ala. Code § 35-11-210 (1975), and such failure limited any lien to which Sherwin might be entitled to no more than the unpaid balance owing by the Debtor to Pine Apple.[10] The Debtor

---

[8] The copy of the Credit Application attached to Gardner's affidavit is not legible; however, his affidavit stated the Credit Application provided for interest at 18% per annum on past due amounts plus reasonable attorney fees incurred by Sherwin in its efforts to collect the debt. No party argued or offered proof that the Credit Application provided otherwise.

[9] Gardner's affidavit with regard to the notice was later confirmed by an affidavit filed by attorney Smith. (AP Doc. 45, Ex. A.)

[10] Citing Ala. Code §§ 35-11-210 and -218 (1975), Sherwin admitted in a reply and response that its lien is limited to the unpaid balance owing by the Debtor to the general contractor, Pine Apple, but alleged that the priority of its lien should be on equal footing with

4

Case 10-40122-JJR    Doc 70    Filed 05/14/12    Entered 05/14/12 11:53:53    Desc Main
Document      Page 4 of 11

further responded by arguing that because the prepetition judgment awarded to Pine Apple and against the Debtor by the State Court for the balance owing on the general contract was appealed, there had been no final determination of the amount owing by the Debtor to Pine Apple. However, after the Debtor filed its responses to Sherwin's AP SJ Motion, the Alabama Supreme Court affirmed the State Court judgment.[11]

And finally, the Bank responded by filing a Motion for Summary Judgment in which it alleged that Sherwin was not entitled a materialman's lien against the Project, but if it were, that lien should be declared inferior to the Bank's mortgage. (AP Doc. 44.)

## *Standard for Summary Judgment*

A motion for summary judgment is controlled by Bankr. Rule 7056, which directs that Rule 56 of the Federal Rules of Civil Procedure is applicable to bankruptcy adversary proceedings. A court may grant summary judgment to a moving party when that party demonstrates "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Bankr. Rule 7056(a). In considering the merits of a motion for summary judgment, the judge's function is not to determine the truth of the matter asserted or the weight of the evidence, but to determine whether the factual disputes raise genuine issues for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). In making this determination, the facts are to be considered in a light most favorable to the non-moving party. *Id.*; *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Allen v. Board of Public Educ. For Bibb Co.*, 495 F.3d 1306 (11th Cir. 2007).

The material facts relied upon by the Court, to the extent it is ruling on Sherwin's AP SJ

---

other lien claimants. However, the priority between Sherwin's lien and the Bank's mortgage was not addressed. (AP Docs. 41, 45.)

[11] Doc. 127 filed March 15, 2012 in AP No. 10-40132, *Quality Properties, LLC v. Pine Apple Conveyor Services, Inc., et al.*

Motion, are not in dispute and are supported by the parties' submissions, including affidavits and exhibits thereto, pleadings filed in the State Action, and orders entered by the State Court. The Court has also considered the parties' arguments and legal authorities submitted in writing and made orally during hearings.

## *Conclusions*

On March 17, 2009, pursuant to Ala. Code § 35-11-218 (1975), Sherwin gave timely written notice via first class mail to the Debtor and to the Bank that Sherwin claimed a materialman's lien on the Subject Property. However, the notice stated the "amount sought to be secured by said lien is . . . $15,390.53 . . . ." There was no mention in the notice that Sherwin was also claiming interest or expenses, including attorney fees. Thereafter, on March 18, 2009, Sherwin filed in the Probate Office of Shelby County a verified statement of its lien with regard to the Subject Property. The content, timeliness, and recordation of the verified statement complied with Ala. Code §§ 35-11-213 and -215 (1975). Like its earlier notice, Sherwin's verified statement claimed its lien secured an indebtedness of $15,390.53; however, it sought "subsequent interest at 18% per annum, together with attorney's fees incurred."

On May 15, 2009, Sherwin timely filed the State Action in State Court against the Debtor, Pine Apple, and the Bank to establish and enforce its lien. The State Action complied with Ala. Code §§ 35-11-221, -222 and -223 (1975). The complaint filed in the State Action alleged that Pine Apple was indebted to Sherwin for "$18,489.22, a sum certain as of December 20, 2008, plus interest and attorney's fees." (AP Doc. 10, Ex. 1 ¶ 13.)

Pursuant to the Credit Agreement, sums owing by Pine Apple to Sherwin for 30 days or longer accrue interest at 18% per annum, and Pine Apple agreed to pay Sherwin's collection expenses, including reasonable attorney fees. Sherwin seeks to have interest and attorney fees

6

included in the amount secured by its lien.[12] However, because of the discrepancies among the amounts claimed in Gardner's affidavit, the notice of lien, the verified statement of lien and the State Action complaint, and the lack of evidence proving exactly when unpaid sums became due and the reasonableness of attorney fees, the Court is unable to determine the principal, interest, and expenses owing by Pine Apple to Sherwin; such a determination would be the maximum amount that could be secured by Sherwin's lien. Additionally, there is insufficient evidence for the Court to determine the merits of Pine Apple's claim – asserted in its discovery responses – for a set off due to Sherwin's alleged breach. Likewise, because the record does not confirm when Sherwin commenced its delivery of materials to the Project, the Court cannot determine the priority between Sherwin's lien and the Bank's mortgage. *See* Ala. Code § 35-11-211 (1975).

Sherwin admits that before delivering materials, it did not give prior notice thereof to the Debtor as allowed by Ala. Code § 35-11-210 (1975). Thus, Sherwin's lien is limited to the balance due to Pine Apple (general contractor) by the Debtor (owner) under the general contract. *Id.*; *Davis v. Gobble-Fite Lumber Co.,* 592 So. 2d 202 (Ala. 1991). Recall that before the Debtor commenced its chapter 11 case, Pine Apple had filed suit against the Debtor in the State Court to collect the amounts due on the general contract. The State Court entered a judgment (pursuant to an arbitration award) in the amount of $1,269,000 in favor of Pine Apple and against the Debtor. An appeal was taken from the judgment to the Alabama Supreme Court, and on March 9, 2012

---

[12] Sherwin filed a supplement to the AP SJ Motion (AP Doc. 68), in which it argued that the "Alabama 'Prompt Pay Act' provides the statutory basis for attorney fees against the owner of [the Project]." Ala. Code § 8-29-6 (1975) (the "Act"). The plain meaning of the Act does not support Sherwin's argument. The Act awards attorney fees "against the party contractually obligated for the payment of the amount claimed . . . ." In this AP, the Debtor is not contractually obligated to Sherwin.

7

the supreme court affirmed the judgment.[13] Thus, a final State Court judgment, affirmed by the Alabama Supreme Court, has established the unpaid balance owing by the Debtor to Pine Apple at $1,269,000. The parties are estopped from challenging that judgment in the Debtor's bankruptcy case, including this adversary proceeding, and this Court must recognize that judgment as conclusively establishing the amount owing under the general contract by the Debtor to Pine Apple. *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *see also St. Laurent v. Ambrose (In re St. Laurent)*, 991 F.2d 672, 675-76 (11th Cir. 1993) (collateral estoppel bars bankruptcy court from "relitigating factual issues previously decided in state court," applying collateral estoppel rules of that state to determine preclusive effect); *see also Lott v. Toomey*, 477 So. 2d 316, 319 (Ala. 1985) (setting out four elements of collateral estoppel under Alabama law).

While the Court concludes that Sherwin holds a perfected materialman's lien against the Project,[14] there are bankruptcy-specific factors that may limit the amount of Sherwin's claim – its allowed secured claim in the Chapter 11 Case – whether principal, interest, or expenses. Sherwin's materialman's lien is a "claim" under Code § 101(5)(A) because it constitutes a "right to payment;" however, the Debtor is not contractually obliged to pay the debt owing by Pine Apple to Sherwin. Sherwin's claim in the Chapter 11 Case is limited to specific property of the bankruptcy estate, i.e., the Project. *See Johnson v. Home State Bank*, 501 U.S. 78, 84 (1991) (finding that the definition of "claim" includes an enforceable obligation against the property of the debtor, even when the debtor is not liable *in personam*). Thus, because there was no privity

---

[13] See n. 11 *supra*.

[14] Ala. Code § 35-11-210 (1975) provides that the "materialm[a]n shall also have a lien on the unpaid balance" owing by the owner (the Debtor) to the general contractor (Pine Apple).

8

of contract between Sherwin and the Debtor, Sherwin's right to payment in the Chapter 11 Case – its claim – is not necessarily the amount due from Pine Apple; rather Sherwin's claim in the Chapter 11 Case may be allowed only to the extent it is determined to be a secured claim. *See* Code § 506(a). The claim is limited by the value of the estate's property encumbered by Sherwin's lien, and perhaps other factors discussed below.[15]

In summary, when the Debtor commenced this chapter 11 case, Sherwin had already complied with Alabama statutes to perfect a materialman's lien against the Project. Ala. Code §§ 35-11-210 (1975) *et seq.*; *see also Hutto Const., Inc. v. Buffalo Holdings, LLC,* 488 F. Supp. 2d 1180, 1185 (M.D. Ala. 2007); *Ex parte Lawson*, 6 So. 3d 7, 11 (Ala. 2008) (timely filing statement of lien and suit perfects materialman's lien). Thus, in the context of the Chapter 11 Case and AP, Sherwin is entitled to an allowed claim, secured by a materialman's lien against the Project. However, Sherwin's claim is exclusively a secured claim; it cannot be bifurcated – secured and unsecured – and it may not be allowed beyond the secured portion thereof. The Court reserves ruling on the exact amount of the claim, including a determination of the amounts owing by Pine Apple to Sherwin and whether that amount includes attorney fees and interest as provided under the Credit Application – a contract to which the Debtor was not a party. A final resolution is also contingent on the value of the Project, the allowed amounts of other secured

---

[15] As a general rule, interest and expenses, accrued or incurred post petition, are not an allowed component of a creditor's claim. Code § 502(b)(2). However, post-petition interest and expenses may be added to an otherwise allowed secured claim to the extent the value of the security exceeds the amount of the claim. Code § 506(b). In this Chapter 11 Case and AP, there has been no determination of the value of the Subject Property. Moreover, there are other mechanic's and materialmen's liens claimed against the Subject Property and, if allowed, such liens, including Sherwin's lien, will stand on equal footing and be entitled to a pro rata distribution of the proceeds from any disposition of the Subject Property. Ala Code § 35-11-228 (1975). And to further complicate any division among lien claimants, some may be subordinate to, while others may enjoy priority over the Bank's mortgage. The Court will also need to determine the reasonableness of Sherwin's attorney fees.

9

claims (i.e. other mechanic's liens), the allowed amount of the Bank's secured mortgage claim, and the priorities of all the liens, including Sherwin's, vis-a-vis the Bank's mortgage. It is conceivable that Sherwin's secured claim might be allowed for its full principal amount, plus pre- and post-petition interest and attorney fees; however, if the value of the Project proves to be deficient, Sherwin's claim may be allowed for some lesser sum and diluted by proration among other *pari passu* liens, as well as being relegated if the Bank's mortgage proves to have priority.

Finally, while the amount owing by Pine Apple to Sherwin is relevant to this AP because its determination will establish the maximum amount that may be secured by Sherwin's materialman's lien – its secured claim – this Court has no jurisdiction to enter a monetary judgment in Sherwin's favor and against Pine Apple. Thus, the claims asserted in counts one and two of Sherwin's complaint in the State Action in which Sherwin seeks a money judgment against Pine Apple, are due to be remanded to the State Court.[16]

*Order*

In accordance with the foregoing, it is hereby ORDERED that:

ONE: To the extent provided in paragraph TWO below, Sherwin's AP SJ Motion (AP Doc. 37) is GRANTED IN PART.

TWO: Sherwin holds a perfected and enforceable materialman's lien against the Project, and is entitled to an allowed secured claim in the Chapter 11 Case; provided, however, the extent of the lien and claim is subject to a later determination of, *inter alia*, the exact amount owing by Pine Apple under its subcontract with Sherwin, the value of the Project, the allowance of other secured claims, and their status and the status of Sherwin's lien vis-à-vis the Bank's mortgage, and Sherwin's entitlement to attorney fees and contract interest, and the amount thereof.

---

[16] See n. 6 *supra.*

Case 10-40122-JJR   Doc 70   Filed 05/14/12   Entered 05/14/12 11:53:53   Desc Main
Document      Page 10 of 11

THREE: In addition to those matters specified in the proviso in paragraph TWO above, all other relief sought in Sherwin's AP SJ Motion (AP Doc. 37), and not specifically ruled upon in this Order is reserved for later determination and ruling by the Court.

FOUR: Sherwin's claims seeking a monetary judgment against Pine Apple that were asserted in counts one and two of the State Court complaint are hereby remanded to the State Court for further adjudication.

FIVE: To the extent the Bank's Motion For Summary Judgment (AP Doc. 44), claims Sherwin is not entitled to a materialman's lien, it is DENIED; provided, however, that the priority of Sherwin's lien vis-a-vis the Bank's mortgage is not determined in this Order and is reserved for a later determination.

So Done and Ordered: May 14, 2012

/s/ James J. Robinson
JAMES J. ROBINSON
United States Bankruptcy Judge

11